UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

INNOVATIVE WAREHOUSE SOLUTIONS, LLC

                          Plaintiff

vs.

BRIAN ROCHE, individually and
in his capacity as CEO/ Owner or
Managing Member of
Liberty Financial USA, LLC, and
LIBERTY FINANCIAL USA

                          Defendants

Civil Action No.

**PLAINTIFF'S VERIFIED COMPLAINT**

---------------------------------------------------------------x

**I.   THE PARTIES**

1. The Plaintiff, Innovative Warehouse Solutions, Inc. (hereafter "WAREHOUSE"), is a New York limited liability company, located at 165 Price Parkway, in Farmingdale 11735, County of Nassau.

2. The Defendant, BRIAN M. ROCHE ("ROCHE") is a resident of the State of Nevada and the CEO and/or Managing Member of co-Defendant, Liberty Financial USA, LLC d/b/a Liberty Financial USA (hereafter, "LIBERTY"; ROCHE and LIBERTY jointly, "Defendants"). ROCHE is a former professional football player who played Tight End in the National Football League (NFL) for the San Diego Chargers and Kansas City Chiefs between 1996-1998. Upon information and belief, ROCHE's business address is located at 2620 S. Maryland Pkwy, Ste 14-136 Las Vegas, NV 89109. It is believed, and therefore averred, that ROCHE is the Managing Member and upon information and belief, is the primary Owner of LIBERTY. ROCHE is the primary individual

who reaps the benefit of the illegal and tortious conduct that is carried out technically in LIBERTY's name only. Such deliberate and knowing conduct exceeds the permissible actions of corporations in the State New York, and nationwide.

3.  The Defendant LIBERTY FINANCIAL USA, LLC d/b/a LIBERTY FINANCIAL USA ("LIBERTY") is a Delaware limited liability company with a principal business location of 2620 S. Maryland Pkwy, Las Vegas, NV 89109. LIBERTY's registered agent is The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808. LIBERTY is not registered to do business in the State of New York. However, upon information and belief, LIBERTY markets and sells, *inter alia*, debt relief and/or debt consolidation and debt forgiveness services to people in the State of New York.

## II.   JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

5.  Venue is proper in this court because a substantial part of the events which give rise to Plaintiff's claims occurred in, the State of New York, County of Nassau.

6.  Each of the Defendants has sufficient minimum contacts with this county, and otherwise purposely avail themselves of the markets in this county.

7.  The Defendants solicited warehouse services, by telephone and e-mail, from the Plaintiff. Defendant arranged for shipment by the truckloads and delivery of goods to Plaintiff's warehouse for storage. Plaintiff provided the warehouse services and Defendants have failed to pay for said services, despite demand therefor. Nor have Defendants removed their property from the warehouse, to Plaintiff's loss and continuing detriment.

III. **FACTS**

8. At all relevant times hereto, WAREHOUSE provided warehouse services to Defendants for which they have not been paid.

9. At all times herein mentioned, ROCHE and LIBERTY (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

10. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

12. Defendant LIBERTY and/or ROCHE, jointly or severally, is believed to own the website www.LibertyFinancialUSA.com, which is advertised as Defendant LIBERTY's webpage and appears on the emails sent by Defendants to WAREHOUSE.

13. On or about September of 2022, Defendants solicited the services of WAREHOUSE. Specifically, Defendants sought prompt acceptance of hundreds of pallets of goods for storage by WAREHOUSE. Defendants represented sought short-term storage of between one to two (1-2) months, before shipping the goods to an out-of-state purchaser. Due to the request for expedited acceptance of the goods, WAREHOUSE never received a formally signed contract.

14. However, WAREHOUSE had sent Defendants a detailed "Proposal for Storage" by e-mail on September 15, 2022. The parties exchanged emails and Defendants shipped the goods to WAREHOUSE. WAREHOUSE contends Defendants accepted the "Proposal for Storage" by delivering their goods to WAREHOUSE.

15. Defendants fraudulently, negligently and intentionally misrepresented their acceptance of the "Proposal for Storage", and their intention and/or ability to pay WAREHOUSE for its storage services. Defendants intended that WAREHOUSE rely on the (mis)representations made as an inducement for WAREHOUSE to enter into an expedited agreement and accept the delivery of Defendants' goods for storage. By their representations, acts and/or omissions the Defendants' mislead or is likely to mislead the WAREHOUSE into accepting their shipment of goods for storage. Defendants' representations, acts and/or omissions were intended to be, and were, deceptive and misleading. Specifically, the representations were made by ROCHE, individually, and as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, to the Plaintiff WAREHOUSE.

16. Ultimately, and within a few days of the Defendants' initial request for services, and WAREHOUSE's transmission of its "Proposal for Storage" detailing the charges, WAREHOUSE accepted shipment from Defendants and stored 594 pallets. Defendants' shipment of goods to WAREHOUSE represents an acceptance of the "Proposal for Storage" and

the creation of a contract.

17. The Defendants substantially and materially breached the agreement entered into with WAREHOUSE by failing to make any payment toward the storage of the goods Defendants knowingly shipped to WAREHOUSE for storage.

18. The pallets contained hand sanitizer which had been stored in another facility called 3G, located in Melville, Long Island. Upon information and belief, Defendants had either not been paid for the goods or Defendants had some sort of security interest in the goods. Upon further information and belief, Defendants took title and possession of the goods and sought to store the goods in WAREHOUSE.

19. The statement of account (solely) for WAREHOUSE's storage services rendered, to date, exclusive of interest, costs and damages, is as follows:

| Date | Invoice | Amount |
|---|---|---|
| 09/30/2022 | Invoice # 2031 | $ 19,314.00 |
| 10/3/2022 | Invoice # 19307 | $ 26,730.00 |
| 11/1/2022 | Invoice # 1693 | $ 21,978.00 |
| 12/1/2022 | Invoice # 1892 | $ 21,978.00 |
| 1/1/2023 | Invoice # 2029 | $ 21,978.00 |
| 2/1/2023 | Invoice # 29308 | $ 21,978.00 |
| | **TOTAL =** | **$ 133,956.00** |

20. To date, Defendants have not paid anything toward the above referenced amount due, which total increases every month.

21. Additionally, the expense to dispose of the stored goods would cost WAREHOUSE One Hundred Ten Thousand Five Hundred Fifty ($110,550.00) Dollars, exclusive of the costs and expenses required to comply with the enforcement of a warehouse lien, pursuant to UCC §2-710.

22.     If WAREHOUSE were hired to arrange the shipment and disposal of the stored goods, WAREHOUSE would charge 1.2 times the expenses, for a total of One Hundred Thirty Two Thousand Six Hundred Sixty ($132,660.00) Dollars[1]

23.     The breakdown of disposal costs researched by WAREHOUSE are as follows:

Based on 24 pallets per truck we are looking at 25 truck-loads to the dump.
At $750 per load = $18,750.00 in trucking fees.

Drivers only provide 1 hour of wait time to load the truck.
We expect that 1/2 of the time it will take us over 1 hour.
As more pallets are shipped they have to go further into the warehouse to get more so this will add to the time.
12 hours of wait time at $150 per hour = $1,800

Per ton disposal fee $150.00.
Each truck would contain just over 23 tons (They will round this up to the nearest ton).
Each truck will be billed at 24 tons x $150 lbs. per ton = $3,600 per load.
$3,600 x 25 loads = $90,000

Total expected expense $110,550.00

If WAREHOUSE was the one arranging all of this for a client it would take this number x 1.20 and bill the client: $132,660.00

24.     Unpaid storage fees (exclusive of interest, costs and damages), to February 2023 and disposal fees together total Two Hundred Sixty-Six Thousand Six Hundred Sixteen ($266,616.00) Dollars.

25.     The non-payment of the storage fees damages WAREHOUSE, *inter alia*, by creating a financial loss, forcing WAREHOUSE to incur substantial disposal and other fees, and loss of business due to being unable to rent out storage space to paying customers when that space is occupied by non-paying Defendants.

26.     The non-payment of the storage fees damages WAREHOUSE, *inter alia*, by creating a financial loss, due to loss of other more remunerative business. WAREHOUSE does not ordinarily

---

[1] It is unclear whether there are EPA regulations regarding the disposal of the hand sanitizer which, if they exist and are applicable, will substantially increase the cost of disposal.

provide "dead storage". Instead, WAREHOUSE business is ninety-nine (99%) percent "drop shipping" wherein goods are stored, by WAREHOUSE which retrieves the requested goods and ships them on behalf of its clients, all for a fee for service. The approximately seven thousand (7,000) square feet of WAREHOUSE occupied by Defendants goods prevents WAREHOUSE from conducting its normal business with other customers and deprives WAREHOUSE of income and further business opportunities.

27. WAREHOUSE estimates additional loss of $10.76 per square foot of space used by Defendants, for additional damages of Seventy-Five Thousand Three Hundred Twenty ($75,320.00) Dollars.

IV. *First Cause of Action - Breach of Contract vs. All Defendants*

28. Plaintiff restates, reavers and realleges its allegations contained in paragraphs one through twenty-five (1-25), above, as if expressly rewritten herein.

29. The acts and/or omissions of the Defendants, jointly and severally, constitute a breach of contract.

30. As a direct result of the Defendants intentional and unprivileged acts and/or omissions, the Plaintiff has suffered damages.

> **WHEREFORE:** the Plaintiff, INNOVATIVE WAREHOUSE SOLUTIONS, LLC, prays this Honorable Court to enter judgment for breach of contract in favor of the Plaintiff against the Defendants, BRIAN ROCHE, individually, and in his capacity as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, jointly and severally, with interests, costs, and applicable attorneys' fees, together with such other relief as the Court may deem just and proper.

V. *Second Cause of Action – Account Stated vs. All Defendants*

31. Plaintiff restates, reavers and realleges its allegations contained in paragraphs one through thirty (1-30), above, as if expressly rewritten herein.

32. WAREHOUSE is entitled to judgment as a creditor, having fully performed its obligations

under the contract, and on the basis of an account stated.

33. As a direct result of the Defendants intentional and unprivileged acts and/or omissions, Specifically, its refusal to pay on the account stated, the Plaintiff has suffered damages.

> **WHEREFORE:** the Plaintiff, INNOVATIVE WAREHOUSE SOLUTIONS, LLC, prays this Honorable Court to enter judgment for an account stated in favor of the Plaintiff against the Defendants, BRIAN ROCHE, individually, and in his capacity as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, jointly and severally, with interests, costs, and applicable attorneys' fees, together with such other relief as the Court may deem just and proper.

VI. *Third Cause of Action - Breach of the Implied Covenant of Good Faith vs. All Defendants*

34. Plaintiff restates, reavers and realleges its allegations contained in paragraphs one through thirty-three (1-33), above, as if expressly rewritten herein.

35. The acts and/or omissions of the Defendants, jointly and severally, constitute a breach of the covenant of good faith which is part of every contract.

36. As a direct result of the Defendants intentional and unprivileged acts and/or omissions, the Plaintiff has suffered damages.

> **WHEREFORE:** the Plaintiff, INNOVATIVE WAREHOUSE SOLUTIONS, LLC, prays this Honorable Court to enter judgment for breach of the implied covenant of good faith in favor of the Plaintiff against the Defendants, BRIAN ROCHE, individually, and in his capacity as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, jointly and severally, with interests, costs, and applicable attorneys' fees, together with such other relief as the Court may deem just and proper.

VII. *Fourth Cause of Action - Unjust Enrichment vs. All Defendants*

37. Plaintiff restates, reavers and realleges its allegations contained in paragraphs one through thirty-six (1-36), above, as if expressly rewritten herein.

38. The acts and/or omissions of the Defendants, jointly and severally, constitute a breach of contract and the Defendants have been unjustly enriched thereby.

39. As a direct result of the Defendants intentional and unprivileged acts and/or omissions,

the Plaintiff has suffered damages.

> **WHEREFORE:** the Plaintiff, INNOVATIVE WAREHOUSE SOLUTIONS, LLC, prays this Honorable Court to enter judgment for unjust enrichment in favor of the Plaintiff against the Defendants, BRIAN ROCHE, individually, and in his capacity as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, jointly and severally, with interests, costs, and applicable attorneys' fees, together with such other relief as the Court may deem just and proper.

### VIII.    *Fifth Cause of Action - Theft of Services vs. All Defendants*

40.    Plaintiff restates, reavers and realleges its allegations contained in paragraphs one

through thirty-nine (1-39), above, as if expressly rewritten herein.

41.    The acts and/or omissions of the Defendants, jointly and severally, constitute a theft of

Plaintiff's services, and the Defendants have been unjustly enriched thereby.

42.    As a direct result of the Defendants intentional and unprivileged acts and/or omissions,

the Plaintiff has suffered damages.

> **WHEREFORE:** the Plaintiff, INNOVATIVE WAREHOUSE SOLUTIONS, LLC, prays this Honorable Court to enter judgment for theft of services in favor of the Plaintiff against the Defendants, BRIAN ROCHE, individually, and in his capacity as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, jointly and severally, with interests, costs, and applicable attorneys' fees, together with such other relief as the Court may deem just and proper.

### IX.    *Sixth Cause of Action - UCC 7-210 Enforcement of warehouse's lien vs. All Defendants*

43.    Plaintiff restates, reavers and realleges its allegations contained in paragraphs one

through thirty-forty-two (1-42), above, as if expressly rewritten herein.

44.    The acts and/or omissions of the Defendants, jointly and severally, create a warehouse

lien in favor of the Plaintiff and against the Defendants and/or their stored goods, pursuant to

UCC §7-210.

45.    As a direct result of the Defendants intentional and unprivileged acts and/or omissions,

the Plaintiff has suffered damages.

> **WHEREFORE:** the Plaintiff, INNOVATIVE WAREHOUSE SOLUTIONS, LLC, prays this Honorable Court to enter judgment in favor of the Plaintiff, enforcing a warehouse lien pursuant to UCC §7-210 against the Defendants, BRIAN ROCHE, individually, and in his capacity as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, jointly and severally, with interests, costs, and applicable attorneys' fees, together with such other relief as the Court may deem just and proper. Alternatively, Plaintiff WAREHOUSE seeks an Order permitting Warehouse to dispose of the stored goods expeditiously and in a manner provided by the Court.

X.   *Seventh Cause of Action – Fraud, Constructive Fraud, Fraud in the Inducement vs. All Defendants*

46.   Plaintiff restates, reavers and realleges its allegations contained in paragraphs one through forty-five (1-45), above, as if expressly rewritten herein.

47.   The acts and/or omissions of the Defendants, jointly and severally, specifically including, but not limited to the fraudulent, negligent and intentional misrepresentations made by Defendants in connection with their purported acceptance of the "Proposal for Storage", their intention and/or ability to pay WAREHOUSE, and the request for expedited services calculated to mislead WAREHOUSE into accepting shipment and storage of Defendants' goods, are fraud, constructive fraud and/or fraud in the inducement.

48.   As a direct result of the Defendants intentional and unprivileged acts and/or omissions, the Plaintiff has suffered damages.

> **WHEREFORE:** the Plaintiff, INNOVATIVE WAREHOUSE SOLUTIONS, LLC, prays this Honorable Court to enter judgment for fraud, constructive fraud and/or fraud in the inducement in favor of the Plaintiff, and against the Defendants, BRIAN ROCHE, individually, and in his capacity as CEO/ Owner or Managing Member of Liberty Financial USA, LLC, and LIBERTY FINANCIAL USA, jointly and severally, with interests, costs, and applicable attorneys' fees, together with such other relief as the Court may deem just and proper.

DATE: February 1, 2023
New York, NY

Respectfully submitted,
**ROSS PITCOFF LAW**

_____/ s /_____

Philip R. Berwish, Esq. – *Of Counsel*
Ross Pitcoff, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
Tel: (646) 580-3204
ross@rosspitcofflaw.com
berwish@gmail.com
*Attorneys for Plaintiff*

## VERIFICATION

I, BRIAN GIBBONS, am the Managing Member of INNOVATIVE WAREHOUSE SOLUTIONS, LLC, the Plaintiff in the above-entitled action, and as such I have personal knowledge of the facts and circumstances relating hereto.

1. I am the individual who spoke with the Defendant BRIAN ROCHE in this action, as set forth above.

2. I verify the facts alleged herein to be true based upon my personal knowledge, except where indicated to be based upon information and belief. Where indicated to be based upon information and belief, I believe the same to be true.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF FEBRUARY, 2023**

_____/s/ Brian Gibbons_____
**Brian Gibbons**